Alexandra Seifert – PO Box 666 – Wofford Heights – 93285 California

**FILED**

# UNITED STATES DISTRICT COURT

SEP 16 2024

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# EASTERN DISTRICT OF CALIFORNIA

BY
DEPUTY CLERK

**Alexandra Seifert**

        - Plaintiff -

vs

**Kenneth George Pritchard**
in both individual & official capacity
**J. Eric Bradshaw**
in both individual & administrative capacity
**Gina Marie Cervantes**
in both individual & official capacity
**Tamarah Harber-Pickens**
in both individual & official capacity

        - Defendants -

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No:

**1: 2 4 CV 0 1 0 9 7 CDB**

**Complaint for Declaratory &**

**Injunctive Relief,**

**Suit for Damages,**

**Claim for Jury Trial**

COMES NOW, Alexandra Seifert (hereinafter "Plaintiff"), and files the above styled action to seek redress against Defendants for their criminal actions and violations of constitutionally protected rights and privileges both of which incorporate criminal and civil penalties. This action arises out of Defendants' actions and conspiracy to deprive inherent, sacred and inviolable rights in under the color of state law. The Defendants are being sued as private men and women as well as in their official capacities. Deprivations of rights and criminal actions are outside the scope of any official and/or judicial capacity and are therefore not subject to the defense of absolute or qualified immunity.

Complaint for Declaratory & Injunctive Relief, Suit for Damages and Claim for Jury Trial - 1

**PARTIES**

1. At all times material to this lawsuit Plaintiff was a resident of Kern County, California.

2. At all times material to this lawsuit Defendants Pritchard, Bradshaw and Cervantes are believed to have resided in Kern County, California and were acting as officials of the Superior Courts of California, County of Kern under color of law outside of their judicial scope: Pritchard as trial judge (CA State BAR #72301), Bradshaw as presiding judge (CA State BAR #118698) and Cervantes as commissioner (CA State BAR #230831).

3. At all times material to this law suit Defendant Harber-Pickens is believed to have resided in Kern County, California and was acting as the court executive officer / clerk of the Superior Court of California, County of Kern under color of law outside of her official scope.

**CAUSES OF ACTION**

4. - 18 USC §§ 241 and 242 - Statutory conspiracy and deprivation of rights
   - 18 USC § 1018 - False statements
   - 28 USC § 454 - Practice of law by justices and judges
   - 42 USC §§ 1983 and 1985 - Civil action for deprivation of rights, Conspiracy to interfere with civil rights

5. - Common law conspiracy and deprivation of rights
   - Fraud and/or Fraud upon the court
   - Deprivation of constitutionally secured rights under the 9th and 14th Amendment to the Constitution of the United States of America
   - Infliction of mental anguish and emotional distress

**JURISDICTION & VENUE**

6. This Court has jurisdiction over this matter under 28 USC §§ 1331 and 1343.

7. This Court has authority to issue a declaratory judgment and to order injunctive relief and other relief that is necessary and proper under 28 USC §§ 2201 and 2202.

8. Venue is appropriate in this district under 28 USC § 1391(b)(1) and (2) because all claims occurred in this district.

**STATEMENT OF FACTS**

9. On 9-9-2022 and 9-16-2022 Defendant Pritchard acted as trial judge in two hearings in a small claims case which Plaintiff had initiated with the Superior Court in Ridgecrest, Kern

County, California. In the process Mr. Pritchard violated Plaintiff's right to be heard, to present her case in full, to offer and call witnesses and to enjoy a just and fair trial.

Mr. Pritchard further violated Plaintiff's right to privacy by determining that in order for Plaintiff to enjoy other of her rights under state and federal law she must be coerced to have her secured right to privacy under the state and federal statutes and constitutions violated. Moreover, Mr. Pritchard denied for Plaintiff present half of her second cause of action and denied her to present the entire third cause of action.

Additionally, Mr. Pritchard established grave judicial incompetence by clearly showing he is not knowledgeable of common and pertaining legal terminology, applicable legal standards of evaluating the nature of Plaintiff's claims and binding jurisprudence.

Finally, Mr. Pritchard makes false accusations and insinuations about Plaintiff during the trail and engages in other manipulative and unduly steering of questioning.

Before Plaintiff could present her case in full, Mr. Pritchard hard stops and without letting Plaintiff continue he denies all of Plaintiffs claims including the ones she had not even presented yet and before she was able call her witnesses that had come with her to testify. Mr. Pritchard then makes another entirely false legal claim absent of any legal foundation whatsoever and by doing so engages in legislating from the bench. During most of the trial Mr. Pritchard had acted far outside the scope of his judicial capacity. Plaintiff was in shock.

10.  Plaintiff did not have the right for an appeal as California does not allow a losing plaintiff to appeal in small claims. Therefore Plaintiff exhaused other state avenues to remedy these grave violations of her rights.

11.  On 10-8-2022 Plaintiff submitted to Defendant Pritchard a request for explanation to "explain the legal grounds of ruling for each of the causes of action". On 10-10-2022 Defendant Tamarah Harber-Pickens sent a letter stating that "explanation was given at the time of trial". This statement is false and a lie. No explanation for the legal grounds of ruling for each of the causes of actions (or any of them) was given at the time of trial.

12.  On 10-19-2022 Plaintiff filed a formal "Request to Correct or Cancel Judgment" wherein Plaintiff described in detail Defendant Pritchard's violations of Plaintiff's rights as well as his violations of the rules of court and his actions that were outside of judicial scope. On 11-21-2022 Mr. Pritchard denied the filing without addressing his violations or his actions committed outside of his official judicial authority.

13.  Around 2-22-2023 Plaintiff wrote a letter to Defendant Bradshaw who, acting as presiding judge, has authority and supervising duty over Mr. Pritchard. On 3-23-2023 Mr. Bradshaw replied via letter to Plaintiff. In his reply Mr. Bradshaw put to paper multiple false statements, i.e. lies. For example Mr. Bradshaw claimed that I "did not elect to file an appeal" and that "an appeal would have allowed me to have a new trial". Both of these statements are blatant lies.

Without addressing the many appalling violations and denials of Plaintiff's rights by Mr. Pritchard as well as his grave professional incompetence or alternatively deception as well as his false allegations about Plaintiff which he made during the trial, Mr. Bradshaw claimed that he is "deeply concerned when citizens have doubts about the integrity of the process". Plaintiff alleges that Mr. Bradshaw's blatant lies and obvious refusal to uphold his administrative duty while claiming to always have "deep concerns" are a conspiracy together with Mr. Pritchard to shield Mr. Pritchard from being accountable for his actions outside of his judicial authority.

14.  On 5-31-2023 Plaintiff wrote a reply back to Mr. Bradshaw addressing his claims in detail. Plaintiff asked (again) to provide the allegedly existing law which Mr. Bradshaw had claimed that Mr. Pritchard utililized. Plaintiff also brought up the glaring contrast between Mr. Bradshaw's claims of "concern" and his conflicting (lack of) actions and failure to abide by his duty pursuant to administrative provisions.

15.  On 10-7-2022 Defendant Cervantes acted as commissioner at another hearing in a small claims case which Plaintiff had initiated with the Superior Court in Bakersfield, Kern County, California. Among matters to bring up are that, to prove her material claims, Plaintiff offered to Ms. Cervantes evidence (audio recordings) on a usb-stick. Ultimately Ms. Cervantes did not take this evidence.  After having taken the case under submission, on 1-30-2023 Ms. Cervantes mailed a ruling which not only contradicted itself entirely as it used jurisprudence which spoke contrary to the ruling, it also twisted facts from true to false and would have needed to differ had Ms. Cervantes taken the evidence on the usb stick. Further, Ms. Cervantes misrepresented what was said during the trial and misconstrued the given testimony. More importantly, her ruling violated Plaintiff's right to privacy and it would have made another medical professional violate California Business & Professions Code by practicing medicine without a licence. It is illegal under California Business & Professions

Code 2052 to practice without a valid license and can be charged as misdemeanor or felony. Ms. Cervantes created a ruling that would encompass a the comission of a crime. Plaintiff was again deprived of her rights and a just and fair proceeding.

16. On 3-1-2023 Plaintiff filed a formal "Request to Correct or Cancel Judgment" to Ms. Cervantes as she did in the other matter with Mr. Pritchard. Ms. Cervantes' reply of 3-8-2023 not only did not address any of the severe incongruencies Plaintiff had brought up but also claimed that Plaintiff "is essentially asking for an appeal". Ms. Cervantes here again misrepresentated the truth as Plaintiff did not ask for an appeal at all but made a request using the court form created for this very purpose. According to her response Ms. Cervantes refused to make the appropriate evaluation that would have been required within her official capacity, correct her misleading claims about statements given at trial and re-consider her position on her ruling having as premise the commission of a crime.

17. Plaintiff believes that her right to a just and fair proceeding also includes a ruling absent of an encompassed criminal activity.

18. On 5-27-2023 Plaintiff wrote a letter of complaint regarding this repeated violation of Plaintiff's rights to Mr. Bradshaw while recalling how Mr. Bradshaw had stated that he is "always deeply concerned" when there are doubts on the integrity of the judicial process.

19. Plaintiff kept waiting for Mr. Bradshaw's replies to the matters Pritchard and Cervantes but did not receive any replies. At the time Plaintiff was also dealing with other false representations made by various court personnell.
As Plaintiff checked with the court on Mr. Bradshaw's status of reply she received a letter from Defendant Harber-Pickens claiming that Plaintiff's complaint about Mr. Pritchard "was addressed". This is a false statement and a lie. Plaintiff can irrefutably prove that her complaint was never addressed but stone-walled. Ms. Harber-Pickens made more false and unsubstantiated claims and ultimately refused to support her own assertions and stopped responding.
The correspondence between her and Plaintiff happened between April and July 2023 with Ms. Harber-Pickens refusing to clearly respond to the incongruencies of her own statements. On 8-8-2023 Plaintiff received an email stating that "no further response will be provided".

20.  On 8-18-2023 Plaintiff wrote another letter to Mr. Bradshaw complaining about Ms. Harber-Pickens false statements and her misleading conduct and following refusal to adhere to the tenets of the court. No reply accurred.

21.  On 9-13-2023 Plaintiff received a phone call from a woman named Mary, whom identified herself as assistant executive administrative secretary. Mary confirmed that Mr. Bradshaw had received both of my complaint letters and stated that the managing attorney Carla Ortega said on behalf of Mr. Bradshaw that there will be no response from Mr. Bradshaw to my complaints about Mr. Pritchard, Ms. Cervantes and Ms. Harber-Pickens.

22.  As a result, Plaintiff never received a response from Bradshaw.
Bradshaw made a false and misleading statement and/or lied when claiming that he is "always deeply concerned" when there are doubts about the integrity of the judicial process. Evidently Bradshaw showed no accountability or remorse for his false and deceiptful representation and/or lie. Plaintiff also has reason to believe that he violated his own duties twice to bring any known judicial misconduct to the attention of the California Commission on Judicial Performance.

23.  After bringing the numerous violations of rights to the attention of the Defendants, all Defendants have lied and/or misrepresented the truth to Plaintiff, acted all in concert and evidently conspired to keep Plaintiff deprived of her rights and sweep the violations of her rights and their comissions of criminal acts under the rug.

24.  Plaintiff not only did not get to enjoy her constitutionally secured rights but was additionally deprived of fair and just proceedings. Defendants' refusal to grant to Plaintiff her rights were deliberate and willfull. Defendants attempted to mislead Plaintiff by making false statements and/or lying. Defendants are all private men and women acting as public servants, i.e. they serve the public of which Plaintiff is a member.

25.  Defendants' actions and omissions caused harm and injury to Plaintiff.
Plaintiff has been suffering intense mental anguish and emotional distress due to Defendants' actions and/or lack thereof.

26.  The actions that caused harm to Plaintiff are all outside of the authority of Defendants' official capacities.

**PRAYER**

WHEREFORE, Plaintiff respectfully moves this Honorable Court to enter the following remedy to relief Plaintiff:

INJUNCTIVE RELIEF

27.  That this Honorable Court enter a permanent injunction protecting Plaintiff and others similiarly situated, such as residents of Kern County and prospective future litigants at the Superior Courts of Kern County, CA, from deprivation of her/their rights by Defendants' criminal, deceiptful, misleading and harmful behavior as herein described.

DECLARATORY RELIEF

28.  To declare that the people of the United States of America, as a group as well as individually, have the inviolate right to fair and just proceedings in all cases at law in all courts located in all states within the territorial bounds of the Unites States of America.

29.  To declare that plaintiffs have the inviolate right to present their case in full including all of the alleged offenses and to be given time to present their witnesses in all matters at the Superior Courts in Kern County, California.

30.  To declare that a plaintiff has a right to a ruling that is absent of having a criminal activity as its pre-requisite and to declare that it is not fair and just when a ruling has as its premise a criminal activity.

31.  To declare that it is outside of judicial scope to render a ruling where the court knows or should have known that its ruling has as its premise a criminal action.

32. To declare that it is outside of judicial scope to render a ruling where the court knows or should have known that its ruling would incoorporate a deprivation of a constitutionally and statutorily secured right.

33. To declare that California judicial officers shall abide by their oaths of office.

34. To declare that California judicial officers shall abide by their Judges Canons.

35. To declare that an act contrary to their oaths of office and/or Judges Canons is an act outside of their judicial capacity.

36. To declare that judicial officers and personnell of the courts as well as the California Commission on Judicial Performance may not make false representations and/or enagage in fraud upon the public.

37. To declare that materially false statements during court proceedings and on court documents are fraud upon the court.

38. To declare that making false statements and lies in judicial and/or administrative proceedings or making them to the members of the public are outside the scope of official/judicial capacity.

39. To declare that judicial officers and other public officials are committing criminal acts under 18 USC §§ 241 and 242 when they deprive members of the public of their rights under color of law.

40. To declare that absolute or qualified immunity does not shield public officials from being sued for their criminal acts.

41. In light of the fact that a losing Plaintiff in a small claims case in California does not have the right to appeal, to declare that due to the loss of that privilege a Plaintiff shall have the right to have their case heard and processed by a judicial officer who is competent, impartial and adjudicates the matter according to the rule of law, i.e. holding supreme the constitutions (federal and state), followed by federal/state's statutes and applicable jurisprudence.

42.  To declare that if Plaintiff did not have the rights mentioned in 41. then it would render the integrity of the small claims procedure in the Superior Court, Kern County, California a spin of the roulette wheel.

MONETARY RELIEF

43.  To award Plaintiff monetary compensation in the amount of $93,285.00 for the endured deprivation of rights spanning over 2 years due to Defendants' criminal acts, deceipt and infliction of emotional distress to be paid by Defendants in the following ratio: Mr. Bradshaw 35%, Mr. Pritchard 29%, Ms. Cervantes 28% and Ms. Harber-Pickens: 8%, or a higher amount at trial.

PUNITIVE DAMAGES

44.  To enter punitive damages against Defendants as allowed by law, e.g. to effect removals from public office, sanctions or disbarments, license revocations, or order changes in policies to prevent future violations or other such disciplinary actions this Court finds appropriate and just.

OTHER RELIEF

45.  To enter such other relief as this Honorable Court deems just and proper.

TRIAL BY JURY

46.  Plaintiff claims Trial by Jury on all causes of action.

Respectfully submitted on September 13th, 2024 by:

Alexandra Seifert – Pro Se

Complaint for Declaratory & Injunctive Relief, Suit for Damages and Claim for Jury Trial  -  9