UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA SEIFERT,<br><br>         Plaintiff,<br><br>    v.<br><br>KENNETH GEORGE PRITCHARD, *et al.*,<br><br>         Defendants. | Case No. 1:24-cv-01097-CDB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE DENIAL OF PLAINTIFF'S MOTION FOR ELECTRONIC FILING<br><br>(Doc. 5) |

Plaintiff Alexandra Seifert ("Plaintiff"), proceeding pro se, initiated this action with the filing of a complaint on September 16, 2024. (Doc. 1). That same day, Plaintiff filed a motion to grant access to the Court's electronic filing system. (Doc. 3). The Court denied Plaintiff's motion. (Doc. 4). Pending before the Court is Plaintiff's motion for reconsideration of that denial. (Doc. 5).

**I.      APPLICABLE LAW**

The Court has discretion to reconsider and vacate a prior order pursuant to Rule 60(b), Federal Rules of Civil Procedure. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994). Motions for reconsideration are disfavored, and they are not to be used to ask the Court "to rethink what the court had already thought through . . ." *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz.1 998). "A party seeking reconsideration must show more than a disagreement with the

Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *U.S. v. Westlands Water Dist.*, 134 F. Supp.2d 1111, 1131 (E.D. Cal. 2001).

To succeed on such a motion in this district, a party must set forth the material facts and circumstances surrounding the motion for reconsideration, including "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and explain "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j)(3)-(4). *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

As set forth in the Court's earlier order denying Plaintiff's motion, under the Court's Local Rules, pro se parties are required to "file and serve paper documents" and "may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." Local Rule 133(b)(2) (emphasis omitted). Any request for an exception to this rule must be submitted as a stipulation between the parties or a "written motion setting out an explanation of reasons for the exception." Local Rule 133(b)(3). It is within the Courts discretion to grant or deny such a request. *Reddy v. Precyse Solutions LLC*, No. 1:12-cv-02061-AWI-SAB, 2013 WL 2603413, at *3 (E.D. Cal. June 11, 2013).

**II.     DISCUSSION**

Before the Court is Plaintiff's second motion for electronic filing. (Doc. 5). Plaintiff acknowledges she either was unaware of her duty to read and comply with this Court's local rules or neglected to comply with the rules. *Id.* at 2. Plaintiff asserts that she is requesting an exception because electronic filing allows advantages and benefits over filing by mail. *Id.* at 2. Plaintiff lists these advantages as: mitigation of the risk of filings being lost in transit, elimination of cost and time spent by Plaintiff in preparing filings for transit by mail, allowing filing at any time of day, filing occurring nearly instantly and thus allowing more time for Plaintiff to draft filings to meet deadlines especially as Plaintiff is pro se, providing equal access to the Court for Plaintiff, providing ability for Plaintiff to immediately view a new filing by the

Court or other party, mitigating risk of service by mail being lost, reducing time spent by the clerk handling paper filings, preventing potential mistakes during manual entries of paper filings, and leaving a smaller environmental footprint. *Id.* at 2-3.

Though the Court acknowledges that electronic filing may indeed provide many of the benefits and conveniences outlined by Plaintiff, such benefits could apply to any pro se plaintiff and to grant exceptions based merely on the advantages of electronic filing would render Local Rule 133(b)(2) superfluous. Plaintiff has not shown any new or different facts or circumstances that are claimed to exist which did not exist or were not shown upon such prior motion. The Court finds that Plaintiff has not shown good cause to warrant an exception to the Local Rule in this case, particularly in the light of her apparent unawareness of or neglect to follow those local rules.

### III.  CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration of the Court's denial of her motion for electronic filing (Doc. 5) is DENIED.

IT IS SO ORDERED.

Dated:  **October 30, 2024**              _____
                                                                    UNITED STATES MAGISTRATE JUDGE