UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA SEIFERT,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH PRITCHARD, *et al.*,<br><br>Defendants. | Case No. 1:24-cv-01097-CDB<br><br>FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(Doc. 1)<br><br>21-DAY DEADLINE<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Alexandra Seifert, proceeding pro se, brings this civil rights action pursuant to 18 U.S.C. §§ 241 and 242, 18 U.S.C. § 1018, 28 U.S.C. § 454, 42 U.S.C. §§ 1983 and 1985. (Doc. 1). Plaintiff filed her complaint and a motion to proceed in forma pauperis on September 16, 2024. (Docs. 1, 2). The matter was referred to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1)(B).

As set forth in more detail below, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and because Defendants are immune from suit under the Eleventh Amendment and the common law doctrine of judicial immunity. Accordingly, the undersigned will recommend that Plaintiff's complaint be dismissed without leave to amend.

**I.     Screening Requirement**

The Court is required to screen complaints brought by litigants who seek to proceed in forma pauperis. 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or a portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon

which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(A), (B).  Moreover, under Federal Rule of Civil Procedure 12(h)(3), the Court must dismiss an action it the Court determines that it lacks subject matter jurisdiction.

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief [.]" Fed. R. Civ. P. 8(a)(2).  This means that the complaint must state its claims simply, concisely, and directly.  *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which the claims rest.  *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996).

A claim is legally frivolous when it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  The central question is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

To avoid dismissal for failure to state a claim, the complaint must contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quotations and citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the Court must accept the allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In reviewing a pro se complaint, the Court is to liberally construe the pleadings in the light

most favorable to the plaintiff and resolve all doubts in plaintiff's favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("where the petitioner is pro se, particularly in civil rights cases, [courts should] should construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt."); *see U.S. v. Qazi*, 975 F.3d 989, 992-93 (9th Cir. 2020) ("It is an entrenched principle that pro se filings however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers.") (citations and internal quotations omitted). However, while factual allegations are accepted as true, legal conclusions are not. *Twombly*, 550 U.S. at 555.

**II.     Plaintiff's Allegations**

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff brings claims against Defendants Kenneth Pritchard, J. Eric Bradshaw, Gina Marie Cervantes, and Tamarah Harber-Pickens. Pritchard and Bradshaw are state court judges, Cervantes is a state court commissioner, and Harber-Pickens is a court clerk. All are employed by the Kern County Superior Court. (Doc. 1 at 2). Plaintiff alleges the following causes of action: (1) 18 U.S.C. §§ 241 and 242, (2) 18 U.S.C. § 1018, (3) 28 U.S.C. § 454, (4) 42 U.S.C. §§ 1983 and 1985, (5) common law conspiracy and deprivation of rights, (6) fraud and/or fraud upon the court, (7) violations of the Ninth and Fourteenth Amendments, and (8) infliction of emotional distress. *Id.*

Plaintiff alleges that on September 9, 2022 and September 16, 2022, Prichard was a trial judge in two hearings in a small claims case that Plaintiff had initiated with the Kern County Superior Court in Ridgecrest. Plaintiff alleges that Pritchard violated her "rights to be heard, to present her case in full, to offer and call witnesses and to enjoy a just and fair trial." Plaintiff also alleges that Pritchard violated her right to privacy and denied her the opportunity to present half of her second cause of action and all of her third. Plaintiff alleges that Pritchard committed "grave judicial incompetence" due to his lack of knowledge of legal terminology and standards of jurisprudential evaluation. Plaintiff further alleges that Pritchard made false accusation and insinuations about Plaintiff during the trial, manipulated the questioning, stopped Plaintiff from

presenting her case, denied all claims including ones Plaintiff had not presented, "legislat[ed] from the bench," and acted outside the scope of his judicial capacity. Plaintiff claims she exhausted her state remedies, as small claims in California does not have a right of appeal for a losing plaintiff. (Doc. 1 at 3).

On October 8, 2022, Plaintiff submitted a request for explanation as to the "legal grounds of ruling for each of the causes of action." On October 10, 2022, Harber-Pickens sent Plaintiff a letter stating "explanation was given at the time of trial." Plaintiff alleges this is false. On October 19, 2022, Plaintiff filed a "Request to Correct or Cancel Judgment" in state court, where Plaintiff described Pritchard's violations. On November 11, 2022, Pritchard denied the filing "without addressing his violations." *Id.*

On February 22, 2023, Plaintiff sent a letter to Bradshaw. On March 23, 2023, Bradshaw replied via letter. Plaintiff alleges he included "multiple false statements," including that she did not elect to file an appeal and that an appeal would have allowed her to have a new trial, both, Plaintiff alleges, being untrue statements. Plaintiff claims Bradshaw did not address Pritchard's errors and stated he was "deeply concerned when citizens have doubts about the integrity of the process." Plaintiff alleges that this is a conspiracy between Bradshaw and Pritchard to shield Pritchard from accountability as to his actions "outside of his judicial authority." *Id.* at 4.

On May 31, 2023, Plaintiff wrote a reply to Bradshaw addressing his claims and asking him to provide the existing law which Bradshaw had claimed Pritchard utilized, as well as the "glaring contrast" between Bradshaw's claims of concern and his lack of actions to "abide by his duty." *Id.*

On October 7, 2022, in a different small claims action Plaintiff had initiated in the Kern County Superior Court, Cervantes did not accept Plaintiff's proffered evidence contained in a thumb drive. After taking the case under submission, on January 30, 2023, Cervantes mailed a ruling which "contradicted itself entirely," "twisted facts," misconstrued statements at trial, and would have been different if Cervantes had reviewed the evidence on the thumb drive. Plaintiff alleges the ruling violated her right to privacy, deprived her of a fair proceeding, and would have required a medical professional illegally practice medicine without a license. *Id.* at 4-5.

1     On March 1, 2023, Plaintiff filed a "Request to Correct or Cancel Judgment" to Cervantes,
2  as Plaintiff had done in the other small claims matter mentioned above.  On March 8, 2023,
3  Cervantes replied and did not address any of the incongruencies raised by Plaintiff, claimed
4  Plaintiff was essentially seeking an appeal, did not correct her "misleading claims" about
5  statements at trial, and did not reconsider "her position on her ruling having as premise the
6  commission of a crime."  *Id.*

7     On May 27, 2023, Plaintiff sent a letter of complaint regarding violation of her rights to
8  Bradshaw.  Plaintiff later received a letter from Harber-Pickens that Plaintiff's complaint about
9  Pritchard "was addressed."  Plaintiff alleges this is false and that Harber-Pickens made additional
10 false claims before ceasing to respond.  On August 8, 2023, Plaintiff received an email stating "no
11 further response will be provided."  *Id.* at 5.

12    On August 18, 2023 Plaintiff sent a letter to Bradshaw complaining as to Harber-Pickens
13 "false statements and misleading conduct," as well as her refusal to "adhere to the tenets of the
14 court."  Plaintiff did not receive a reply.  On September 13, 2023, Plaintiff received a phone call
15 from an individual named Mary who "identified herself as assistant executive administrative
16 secretary."  Mary confirmed Bradshaw received both of Plaintiff's complaints and stated that
17 managing attorney Carla Ortega provided there will be no response from Bradshaw.  *Id.* at 6.

18    Plaintiff seeks injunctive and declaratory relief and monetary and punitive damages.  *Id.* at
19 7-9.

20 **III.     Discussion**

21     **A.     Plaintiff May Not Seek Relief Through Invocation of Criminal Statutes**

22    Plaintiff purports to assert some causes of action pursuant to federal criminal statutes –
23 namely, 18 U.S.C. §§ 241 and 242 (conspiracy against and deprivation of civil rights), 18 U.S.C.
24 § 1018 (false statements).

25    References to criminal statutes do not state a claim for relief in a section 1983 proceeding.
26 *See Clinton v. Allison*, No. 3:23-cv-01471-CAB-SBC, 2024 WL 1859956, at *10 (S.D. Cal. Apr.
27 29, 2024) (discussing plaintiff's references to federal and state criminal statutes and finding
28 "criminal statutes do not give rise to civil liability under section 1983"); *Jones v. Cnty. of*

5

*Sonoma*, No. 23-cv-02730-CRB, 2024 WL 1354496, at *4 (N.D. Cal. Mar. 29, 2024) (finding plaintiff "fails to state a claim under 18 U.S.C. § 1503 because the statute only applies to criminal cases and does not provide a civil cause of action"); *Bland v. Gross*, No. 1:20-cv-00542-DAD-BAM (PC), 2021 WL 120964, at *1 (E.D. Cal. Jan. 13, 2021) ("'Title 18 of the United States Code is a criminal statute and does not provide individual plaintiffs with a private cause of action.' ") (quoting *Kennedy v. World Sav. Bank, FSB*, No. 14-cv-05516-JSC, 2015 WL 1814634, at *7 (N.D. Cal. Apr. 21, 2015)); *Rope v. Facebook, Inc.*, No. CV 14-4900 UA, 2015 WL 13918858, at *2 (C.D. Cal. Oct. 26, 2015) (same); *Loadholt v. Obama*, No. 2:13-cv-2607-MCE-EFB PS, 2015 WL 848549, at *3 (E.D. Cal. Feb. 26, 2015) (same).

Accordingly, Plaintiff is not entitled to any relief pursuant to these criminal statutes.

**B.    Plaintiff's Claims Seeking Relief From State Court Orders are Barred by the *Rooker-Feldman* Doctrine**

Under the *Rooker-Feldman* doctrine, federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions. *See Dist. Ct. of App. v. Feldman*, 460 U.S. 462, 482-86 (1986); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine applies even when the challenge to the state court decision involves federal constitutional issues. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995), overruled on other grounds by *Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 710 (9th Cir. 2017); *Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 221 (9th Cir. 1994); *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986). Further, "*Rooker-Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate [his] claims." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) (internal quotation marks omitted).

To determine whether a claim is barred by the *Rooker-Feldman* doctrine, a court must first

determine if the federal action contains a "forbidden de facto appeal" of a state court decision. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). If the court finds a forbidden de facto appeal, the court cannot hear that portion of the case. Separately, a court must also refuse to decide any issue raised in the suit that is "inextricably intertwined" with an issue resolved by the state court decision. *Id*. at 1185; *see Bell v. Cty. of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) ("The 'inextricably intertwined' language … is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the *Rooker–Feldman* analysis."). A claim is a "de facto appeal" where the plaintiff "complains of a legal wrong allegedly committed by the state court and seeks relief from the judgment of that court." *Noel*, 341 F.3d at 1163. Thus, for instance, where a federal claim "directly call[s] into question the state courts' judgments" on the grounds the state court deprived plaintiff of his liberty rights, the claim is barred by the *Rooker-Feldman* doctrine. *See Rickrode v. W.C.A.B.*, 191 F.3d 461 (9th Cir. 1999) (unpublished). Similarly, the *Rooker-Feldman* doctrine bars a plaintiff's claims that "the state courts' evidentiary and procedural errors deprived him of his federal constitutional rights" – in other words, where plaintiff "challenges the application of those rules in his [state court] proceedings." *Id.* (*citing inter alia Branson*, 62 F.3d at 292).

Plaintiff seeks relief via an injunction against Defendants' behavior. (Doc. 1 at 7). It is unclear what specific behavior Plaintiff refers to, as Plaintiff broadly states "criminal, deceiptful [sic], misleading and harmful behavior as herein described." As the behavior described in her complaint relates to proceedings before state court judges and the involvement of other court officials, it appears likely Plaintiff's requested relief would act as a statement on state court evidentiary and procedural actions. Plaintiff also seeks numerous forms of declaratory relief that would act as rulings on the integrity and decisions of state court actions. *Id.* at 7-9; *cf. Rickrode*, 191 F.3d 461 (*Rooker-Feldman* doctrine bars a plaintiff's claims that challenge "the state courts' evidentiary and procedural errors"). It is plain from her allegations that Plaintiff directly calls into question the state court's judgments on the grounds the state court deprived Plaintiff of her liberty rights. As such, the claim is barred by the *Rooker-Feldman* doctrine.

The Ninth Circuit and this Court have repeatedly dismissed cases alleging claims arising

7

out of, or intertwined with, state small claims actions. *See Conerly v. Davenport*, No. 21-17081, 2022 WL 17223039, at *1 (9th Cir. Nov. 25, 2022) (affirming dismissal based on *Rooker-Feldman* doctrine where plaintiffs brought federal action that was a "forbidden de facto appeal" of a state court small claims judgment and raising issues that were "inextricably intertwined" with that judgment); *Conerly v. Tarpin*, No. 2:19-cv-2535 JAM DB PS, 2021 WL 2310407, at *9 (E.D. Cal. June 7, 2021), report and recommendation adopted, No. 2:19-cv-2535 JAM DB PS, 2021 WL 4033127 (E.D. Cal. Sept. 3, 2021), aff'd sub nom. *Conerly v. Permanente*, No. 21-16603, 2022 WL 17592188 (9th Cir. Dec. 13, 2022) ("[a]nd disputes over marital dissolution, child custody, and small claims matters fall squarely within the *Rooker-Feldman* bar"); *deRosier v. Longaker*, 551 F. App'x 362 (9th Cir. 2014) (affirming dismissal where plaintiff brought "forbidden de facto appeal" that raised constitutional claims "inextricably intertwined" with state court small claims judgment); *Pinzon v. Jensen*, No. CIV-F-08-1543 AWI GS, 2009 WL 4134809, at *4-5 (E.D. Cal. Nov. 23, 2009) (dismissing plaintiff's claims that arose from state court small claims action and were thus barred by the *Rooker-Feldman* doctrine).

The *Rooker-Feldman* doctrine applies to Plaintiff's claims to the extent they challenge and seek to undo the decisions and actions of the state courts. "It is immaterial that [plaintiff] frames his federal complaint as a constitutional challenge to the state courts' decisions, rather than as a direct appeal of those decisions." *Bianchi*, 334 F.3d at 900 n.4.

A narrow exception to the *Rooker-Feldman* doctrine applies "where a party alleges extrinsic fraud by an adverse party in procuring a state court judgment … because such a claim does not challenge the state court decision directly." *Benavidez v. Cnty. of San Diego*, 933 F.3d 1134, 1143 (9th Cir. 2021). Here, however, the undersigned notes that, despite advancing various generalized allegations of misrepresentation in her complaint and a cause of action of "fraud and/or fraud on the court," (Doc. 1 at 2) Plaintiff does not make any specific allegation of fraud on the state courts by the adverse parties in the state court actions. Instead, Plaintiff's conclusory allegations of fraud and misrepresentation are directed toward the Defendant-state court actors. As such, the extrinsic fraud corollary to the *Rooker-Feldman* doctrine does not apply here.

///

### B.     Defendants are Immune From Suit in Federal Court Under the Eleventh Amendment and the Common Law Doctrine of Judicial Immunity

The Eleventh Amendment prohibits federal courts from hearing suits brought against a nonconsenting state. *Munoz v. Super. Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024). "This prohibition applies when the "state or the 'arm of a state' is a defendant."" *Id.* (quoting *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422 (9th Cir. 1991)). Thus, the Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. *Nat. Res. Def. Council v. Cal. Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996).

In *Whole Woman's Health v. Jackson* (595 U.S. 30, 39 (2021)), the Supreme Court held that state-court judges and state-court clerks are immune from suit in federal court under the Eleventh Amendment. The Court reasoned that these individuals are immune because they "do not enforce state laws as executive officials might" and because any errors they make in connection with their official duties can be remedied through "some form of appeal." *See Munoz*, 91 F.4th at 981 (reiterating that "state court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment" and rejecting argument that *Ex parte Young* excepts claims seeking injunctive relief against a state court judge). For these same reasons, Defendants Pritchard, Bradshaw, Cervantes, and Harber-Pickens enjoy immunity under the Eleventh Amendment. *See Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("[t]he Eleventh Amendment bars suits for money damages in a federal court against a state, its agencies, *and state officials in their official capacities*") (emphasis added) (citations omitted).

Pritchard, Bradshaw, and Cervantes separately are immune from liability in this case under the common law doctrine of judicial immunity. *See Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir.1999); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995). A similar immunity attaches to Harber-Pickens as the clerk of the court here because Plaintiff's allegations only implicate this Defendant's discharge of official duties. *See Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.").

### C. Leave to Amend Would Be Futile

The Court of Appeals has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

Here, the Court finds Plaintiff's claims as asserted against all Defendants are barred as a matter of law based on Eleventh Amendment immunity and quasi-judicial immunity. These defects cannot be cured through the assertion of additional facts; therefore, amendment would be futile. *Id*. Accordingly, leave to amend should be denied.

## IV. Order and Recommendation

Based on the foregoing, the Clerk of the Court is DIRECTED to randomly assign a District Judge.

Further, it is HEREBY RECOMMENDED that:

1. Plaintiff's complaint (Doc. 1) be DISMISSED without leave to amend for failure to state a claim; and
2. The Clerk of the Court be DIRECTED to CLOSE this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise

reference the exhibit with specificity.  **Any pages filed in excess of the 15-page limitation may be disregarded** by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **November 14, 2024**

UNITED STATES MAGISTRATE JUDGE