UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA SEIFERT,<br><br>   Plaintiff,<br><br> v.<br><br>KENNETH PRITCHARD, *et al.*,<br><br>   Defendants. | Case No. 1:24-cv-01097-KES-CDB<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO EXTEND TIME FOR PLAINTIFF TO FILE OBJECTIONS TO THE MARCH 7, 2025, FINDINGS AND RECOMMENDATIONS<br><br>ORDER DENYING MOTION TO EXCEED PAGE LIMIT<br><br>(Docs. 19, 20)<br><br>**14-DAY DEADLINE** |

  Plaintiff Alexandra Seifert, proceeding pro se, brings this civil rights action pursuant to 18 U.S.C. §§ 241 and 242, 18 U.S.C. § 1018, 28 U.S.C. § 454, 42 U.S.C. §§ 1983 and 1985. (Doc. 1). Plaintiff filed her complaint and a motion to proceed *in forma pauperis* on September 16, 2024. (Docs. 1, 2).

  On November 15, 2024, the undersigned issued findings and recommendations to dismiss the complaint without leave to amend for failure to state a claim. (Doc. 8). After the Court granted Plaintiff two extensions to the deadline to file objections (Docs. 11, 13), on February 24, 2025, Plaintiff filed objections thereto (Doc. 14, dated February 20, 2024) as well as two separate motions seeking unrelated administrative relief. (Docs. 15, 16). On March 7, 2025, the undersigned vacated the prior findings and recommendations and entered new findings and

recommendations to dismiss the complaint without leave to amend for failure to state a claim. (Doc. 19).

Pending before the Court is Plaintiff's motion for (1) extension of time to file objections to the findings and recommendations and (2) relief from the 15-page limitation on any such objections. (Doc. 20). Plaintiff requests the Court extend the time to file objections to May 21, 2025, on account of delays relating to transit time for Plaintiff to receive and file documents via mail. *Id.* at 2, 4. Plaintiff also asks the Court for leave to file objections in excess of the 15-page limit given her anticipated need for additional space to raise certain arguments. *Id.* at 3-4.

As to her request for an extension of time to file objections to the pending findings and recommendations, Plaintiff attests that she received the findings and recommendations on March 25, 2025. (Doc. 14 at 2). Those findings and recommendations are virtually identical to the since-vacated findings and recommendations to which Plaintiff already objected. Specifically, the only substantive additions to the pending findings and recommendations are (1) a statement that the assigned district judge entered a minute order acknowledging that the undersigned is authorized to screen the complaint, and (2) citations to two appellate court decisions holding that the screening of complaints authorized pursuant to 28 U.S.C. § 1915(e) is applicable to all in forma pauperis complaints, not just those filed by prisoners. Under these circumstances, Plaintiff fails to demonstrate good cause to grant her request for an extension of the filing deadline until May 21, 2025.

As of the date of issuance of this order, Plaintiff already has had at least 14 days since her receipt of the findings and recommendations within which to prepare any new/additional objections. That is more than sufficient time given (1) the findings and recommendations are relatively short (*i.e.*, the reasoning behind the recommendations is set forth in five pages), and (2) as addressed above, the findings and recommendations are virtually identical to the since-vacated findings and recommendations to which Plaintiff already has filed objections. Plaintiff appears to misapprehend that her time to prepare and file objections somehow is tolled pending resolution of the instant motion for extension of time given her calculations and explanation for why the deadline should be extended to May 21, 2025. (Doc. 14 at 4). The Court will not

countenance such an unreasonable misapprehension given the clear language of the findings and recommendations concerning the 14-day deadline. Instead, the Court will grant a final, brief extension of time in the interests of justice and require Plaintiff to litigate this case diligently.

As to her request to exceed the 15-page limit on objections, Plaintiff argues such relief is necessary because (1) she was unable to address in her initial objections the "extensive list of court opinions" cited in the since-vacated findings and recommendations, (2) she perceives the need in her anticipated objections to address "deeper clarification and further argumentation," including regarding her common law causes of action, the undersigned's oath of office and other matters, and (3) she seeks to address her standing and why leave to amend is warranted. (Doc. 14 at 3-4). Plaintiff's request to be relieved of the 15-page limit in her objections will be denied for failure to demonstrate good cause. Instead, Plaintiff will be permitted to incorporate by reference her earlier, 15-page objections which she need not reiterate and will be limited in any new objections to the 15-page limit. Stated otherwise, Plaintiff will be permitted to rely on 30 pages of objections: the 15 pages of her original objections (Doc. 14) and 15 additional pages to advance any new objections and arguments.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file objections to the Court's March 7, 2025, findings and recommendations (Doc. 20) is GRANTED to the extent of extending by 14 days the deadline within which to file any objections;
2. Plaintiff's request for leave to file objections in excess of the 15-page limit (Doc. 20) is DENIED; and
3. Plaintiff SHALL file any objections to the undersigned's March 7, 2025, findings and recommendations (Doc. 19) no later than **April 21, 2025**.

IT IS SO ORDERED.

Dated:   **April 7, 2025**                         _____
                                                                    UNITED STATES MAGISTRATE JUDGE