1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   ALEXANDRA SEIFERT,                    Case No.: 1:24-cv-01097-KES-CDB

12              Plaintiff,                 ORDER DENYING PLAINTIFF'S MOTION
                                           AND AMENDED MOTION FOR RECUSAL
13        v.                               AND DISQUALIFICATION

14   KENNETH GEORGE PRITCHARD, *et al.*,   (Docs. 26, 28)

15              Defendants.

16

17        Plaintiff Alexandra Seifert is proceeding pro se and *in forma pauperis* in this action

18   brought pursuant to 18 U.S.C. §§ 241 and 242, 18 U.S.C. § 1018, 28 U.S.C. § 454, 42 U.S.C. §§

19   1983 and 1985. (Doc. 1). Pending before the Court is Plaintiff's motion for recusal and

20   disqualification of the undersigned, filed on April 29, 2025. (Doc. 26). Plaintiff filed an amended

21   motion on May 19, 2025. (Doc. 28).

22   **I.    Governing Law**

23        **A.  Recusal**

24        28 U.S.C. § 144 provides:

25            Whenever a party to any proceeding in a district court makes and
              files a timely and sufficient affidavit that the judge before whom the
26            matter is pending has a personal bias or prejudice either against him
              or in favor of any adverse party, such judge shall proceed no further
27            therein, but another judge shall be assigned to hear such proceeding.

28            The affidavit shall state the facts and the reasons for the belief that

bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The standard for recusal under section 144 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir.1983)). To provide adequate grounds for recusal, prejudice must result from an extrajudicial source since a judge's previous adverse ruling alone is not sufficient for recusal. *Id.*

Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. A judge who finds the affidavit legally sufficient must proceed no further under section 144 and must assign a different judge to hear the matter. *See* 28 U.S.C. § 144*; United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). On the other hand, where the affidavit is not legally sufficient, the judge to whom the motion is directed can determine the matter. *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999) (citing *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a § 144 affidavit is a judge obligated to reassign decision on merits to another judge)). If the affidavit is legally insufficient, then recusal can be denied. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995).

**B. Disqualification**

28 U.S.C. § 455, concerning judicial disqualification, provides, in relevant part, as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts

2

1    concerning the proceeding; …

2    28 U.S.C. § 455(a), (b)(1).

3    "The purpose of § 455 is 'to avoid even the appearance of partiality." *United States v.*

4    *Baca*, 610 F. Supp.2d 1203, 1211 (E.D. Cal. 2009) (citation omitted). Although a judge must

5    recuse himself from any proceeding in which any of the section 455 criteria apply, he or she must

6    not simply recuse out of an abundance of caution when the facts do not warrant recusal. Instead,

7    there is an equally compelling obligation not to recuse where recusal in not appropriate. *See*

8    *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) ("We are as bound to recuse

9    ourselves when the law and facts require as we are to hear cases when there is no reasonable

10    factual basis for recusal"). The standard for recusal under section 455 is whether a reasonable

11    person with knowledge of all the facts would conclude that the judge's impartiality might

12    reasonably be questioned. *Perry v. Schwarzenegger*, 630 F.3d 909, 911 (9th Cir. 2011). "The

13    obligation not to recuse is perhaps at its highest when the motion has been brought after the party

14    seeking recusal has sustained an adverse ruling during the action." *United States v. Sierra Pac.*

15    *Indus.*, 759 F. Supp.2d 1198, 1205-06 (E.D. Cal. 2010).

16    The decision regarding disqualification is to be made by the judge whose impartiality is at

17    issue. *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (holding that a motion for recusal must be

18    decided by the very judge whose impartiality is being questioned); *United States v. Studley*, 783

19    F.2d 934, 940 (9th Cir. 1986) (same).

20    **II.    Discussion**

21    **A.  Recusal under Section 144**

22    Upon review of Plaintiff's motion for recusal and disqualification, the undersigned finds it

23    to be insufficient. It fails to allege facts that would support the contention that the undersigned has

24    exhibited bias and prejudice directed towards Plaintiff from an extrajudicial source, *i.e.*, outside

25    of his rulings on this case. *See Sibla*, 624 F.2d at 868 ("An affidavit filed pursuant to [§ 144] is

26    not legally sufficient unless it specifically alleges facts that fairly support the contention that the

27    judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source.").

28    Rather, Plaintiff's motion alleges bias or prejudice arising solely out of judicial actions taken by

3

the undersigned, namely: (1) the undersigned's findings and recommendations, issued on November 15, 2024 (Doc. 8), and March 7, 2025 (Doc. 19), recommending dismissal without leave to amend for failure to state a claim, and (2) the undersigned's order granting in part Plaintiff's motion for extension of time to file objections to the March 7, 2025, findings and recommendations (Doc. 21). Plaintiff also alleges that the undersigned mischaracterized her motion to strike and amend (Doc. 15) as well as her motion for judicial determination (Doc. 16). (*See* Doc. 26).

Plaintiff asserts that the undersigned, in the findings and recommendations, litigated on behalf of unserved Defendants, violated applicable codes of conduct and the Constitution, and lacked jurisdiction due to Plaintiff not consenting to an "[Article I] magistrate [issuing] judicially binding orders in her case." *Id.* at 2-3. Lastly, Plaintiff alleges that the undersigned plagiarized the case of *Maxwell v. Pacione*, Case No. 1:24-cv-00409-JLT-CDB (hereinafter "*Maxwell*"), by copying sections of the findings and recommendations in that action into the findings and recommendations in this action. Plaintiff asserts that, as such, the undersigned utilized the "work of another officer to help [litigate] against Plaintiff and in favor of [D]efendants." *Id.* at 4.

In her amended motion (Doc. 28), Plaintiff largely repeats the above assertions. She includes an additional assertion that the undersigned's ruling (Doc. 21) granting in part Plaintiff's motion to extend time to file objections to the findings and recommendations (Doc. 20) deprived Plaintiff of an opportunity to timely object to the undersigned's new findings and recommendations (Doc. 19) in setting a deadline Plaintiff "would most certainly miss" and in denying electronic filing privileges. (Doc. 28 at 7-8). She further alleges that magistrate judges, as "[Article] I federal officers," are not and cannot be lawfully vested with any judicial power of the United States and, therefore, lack the constitutional authority to issue judicially valid orders. *Id.* at 5.

Thus, concerning section 144, the issues raised by Plaintiff in her motion for recusal are not proper grounds to disqualify a judge for bias and prejudice. The United States Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Rather, judicial ruling are a basis for

1    appeal, not recusal. *Id.*; *see Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's

2    allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis

3    for recusal") (citations omitted).

4        **B. Disqualification under Section 455**

5        Concerning section 455, Plaintiff's motion and amended motion for recusal and

6    disqualification set forth the same reasons as discussed above, asserting that the undersigned is

7    biased and prejudiced because of the determinations in the findings and recommendations and as

8    to the motion to strike and amend (Doc. 15), motion for judicial determination (Doc. 16), and

9    order granting in part the motion for extension of time to file objections (Docs. 20, 21).

10        First, Plaintiff's assertions regarding litigation on behalf of unserved Defendants, as well

11    as violations of the Constitution and codes of conduct, lack any factual support and need not be

12    accepted. *See United States v. Bell*, 79 F. Supp. 2d 1169, 1173 (E.D. Cal. 1999) ("While a judge's

13    consideration of a motion for recusal must take all facts provided as true for the purpose of ruling

14    on their legal sufficiency, the court need not accept conclusory speculations that lack any factual

15    support.").

16        Second, as explained in the order vacating the prior findings and recommendations and

17    issuing findings and recommendations (Doc. 19), the undersigned did not issue rulings regarding

18    Plaintiff's motion to strike and amend (Doc. 15) and motion for judicial determination (Doc. 16)

19    as the contents of those motions relate back to the findings and recommendations and, as such,

20    may be considered at the discretion of the assigned district judge. (Doc. 19 at 2, n.1).

21        Third, as explained in the order granting in part Plaintiff's motion for extension of time

22    (Doc. 21), the new findings and recommendations are "virtually identical to the since-vacated

23    findings and recommendations." *Id.* at 2. Plaintiff was advised of the two substantive changes of

24    note in that order and that, as of the date of issuance of the order, she already had 14 days since

25    issuance of the findings and recommendations within which to prepare any new objections. The

26    undersigned noted that this was more than sufficient time as the findings and recommendations

27    are relatively short (the reasoning being set forth in five pages) and were virtually identical to the

28    since-vacated findings and recommendations to which Plaintiff already had filed objections. In

light of these circumstances, Plaintiff was granted a 14-day extension to her deadline to file objections and was permitted to incorporate by reference the prior objections within any new objections, allowing her a total of 30 pages to advance objections. *Id.* at 2-3.

Fourth, Plaintiff acknowledges the minute order issued by the assigned district judge on March 4, 2025 (Doc. 17), regarding designation of the undersigned to conduct a screening of the complaint. (Doc. 26 at 3). Accordingly, pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1)(B), the undersigned was properly authorized to screen the complaint. *See* 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners"). The findings and recommendations (Doc. 19) constitute said screening. Plaintiff states that the undersigned was "*not* assigned to issue a judicially binding order." (Doc. 26 at 3) (emphasis in original). However, the findings and recommendations are subject to *de novo* review by the assigned district judge and are, therefore, not a binding order unless adopted by the district judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also* Local Rule 304. In her amended motion, Plaintiff further alleges that magistrate judges, as "[Article] I federal officers," are not and cannot be lawfully vested with any judicial power of the United States and, therefore, lack the constitutional authority to issue judicially valid orders. (Doc 28 at 5). As noted above, such conclusory assertions of violations of the Constitution lack any factual basis and need not be accepted. *See Bell*, *supra*, 79 F. Supp. 2d at 1173.

And fifth, Plaintiff claims that the undersigned plagiarized *Maxwell* in the findings and recommendations. Specifically, Plaintiff alleges that the undersigned copied the entirety of subsection III(B), relating to judicial immunity, as well parts of subsection III(A), relating to the *Rooker-Feldman* doctrine. (Doc. 26 at 4; *compare* Doc. 19 *with Maxwell,* Doc. 48). However, the undersigned is the author of both the referenced *Maxwell* findings and recommendations (*Maxwell*, Doc. 48) and the findings and recommendations herein (Doc. 19). Even setting aside any specific standard regarding plagiarism within the context of judicial texts, it is plain from the definition of the term itself that the undersigned cannot plagiarize his own text.[1]

---

[1] *Plagiarism*, THE OXFORD ENGLISH DICTIONARY (June 2024), accessible at https://www.oed.com/dictionary/plagiarism_n?tab=meaning_and_use#29927356 (last visited April 30, 2025) ("The action or practice of *taking someone else's work*, idea, etc., and passing it off as one's own;

1    The foregoing assertions would not cause a reasonable person with knowledge of all the

2    facts to conclude that the undersigned's impartiality might reasonably be questioned. *Perry*, 630

3    F.3d at 911; *Holland*, 519 F.3d at 912; *Jensen v. Santa Clara Cnty.*, 32 Fed. App'x 203, 206 (9th

4    Cir. 2002) (mere allegations of plaintiff seeking damages for injury from pesticide that trial judge

5    had a pro-pesticide bias was not enough to support judge's recusal where plaintiff's allegation

6    had no support in the record). Stated otherwise, "a party challenging a judge for bias needs to

7    show facts, not merely her opinion, to demonstrate the judge's actual or apparent bias to justify

8    recusal." *Jensen*, 32 Fed. App'x at 206 (citing *Preston v. United States*, 923 F.2d 731, 734 (9th

9    Cir. 1991)); *see, e.g.*, *Saddozai v. Carwithen*, No. 21-cv-01352 BLF (PR), 2022 WL 6584457, at

10    *1 (N.D. Cal. Sept. 21, 2022) ("Plaintiff's assertions regarding personal bias and prejudice are

11    simply conclusory. The Court does not have nor has ever expressed any 'discriminatory animus'

12    against Plaintiff based on his poverty, imprisonment, or race, and no improper remarks have ever

13    been made showing lack of impartiality"). And, as noted above, the Court's judicial rulings alone

14    do not constitute a valid basis for a showing of bias or prejudice. *See Liteky*, 510 U.S. at 555;

15    *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985) ("Frivolous and improperly based suggestions

16    that a judge recuse should be firmly declined.").

17    In sum, Plaintiff's motion and amended motion for recusal and disqualification will be

18    denied.

19                    *        *        *        *        *

20    The undersigned notes that Plaintiff's asserted declination of magistrate judge jurisdiction

21    (Doc. 26 at 3-4) does not require that a magistrate judge be unassigned to an action, or that a

22    magistrate judge cannot take any action once a party has declined to consent to the jurisdiction of

23    a magistrate judge. *See Calloway v. NaphCare Inc.*, No. 2:24-CV-02446-DJC-CKD, 2025 WL

24    510324, at *1 (E.D. Cal. Feb. 14, 2025) ("While Plaintiff may have elected to not consent to

25    Magistrate Judge jurisdiction, this does not prevent matters from being referred to the Magistrate

26    Judge.").

27    Here, the Honorable Kirk E. Sherriff is assigned as district judge in this action. Further, as

28

literary theft.") (emphasis added); *see also plagiarism,* BLACK'S LAW DICTIONARY 1187 (8th ed. 2004).

the assigned magistrate judge, the undersigned decides and will continue to decide non-dispositive pretrial matters and matters referred to the undersigned by the district judge for proposed findings and recommendations. Examples of non-dispositive pretrial motions include a motion for the appointment of counsel, a request for an extension of time, a motion for leave to file an amended complaint, and a motion or request for subpoenas.

**III.    Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion and amended motion for recusal and disqualification (Docs. 26, 28) are DENIED.

IT IS SO ORDERED.

Dated:   **May 27, 2025**            _____
                                       UNITED STATES MAGISTRATE JUDGE