UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA SEIFERT,<br><br>    Plaintiff,<br><br>    v.<br><br>KENNETH GEORGE PRITCHARD, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-01097-KES-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION WITHOUT LEAVE TO AMEND<br><br>(Doc. 19) |

Plaintiff Alexandra Seifert, proceeding pro se, brings this action pursuant to 18 U.S.C. §§ 241 and 242, 18 U.S.C. § 1018, 28 U.S.C. § 454, 42 U.S.C. §§ 1983 and 1985. Doc. 1. On November 15, 2024, the assigned magistrate judge issued findings and recommendations to dismiss the complaint without leave to amend because plaintiff failed to plead any cognizable claims. Doc. 8. On March 7, 2025, the assigned magistrate judge vacated the prior findings and recommendations and issued new findings and recommendations. Doc. 19. Following service on plaintiff of those findings and recommendations and the partial grant of plaintiff's request for extension of time to file objections (Doc. 21), plaintiff filed numerous motions and objections, including a motion to recuse and disqualify the magistrate judge (Doc. 26). The magistrate judge, thereafter, denied the motion to recuse and disqualify.[1] Doc. 31.

---

[1] The undersigned has reviewed plaintiff's motion for recusal and disqualification (Doc. 26), the

1     The findings and recommendations (Doc. 19) are substantially similar to the original, since vacated findings and recommendations, to which plaintiff objected.  In the findings and recommendations, the assigned magistrate judge found that plaintiff could not seek relief pursuant to certain federal criminal statutes cited in her complaint (*id.* at 6-7), that plaintiff's claims seeking relief from state court orders were barred by the *Rooker-Feldman* doctrine and the extrinsic fraud exception did not apply (*id.* at 7-9), that defendants are immune from suit in federal court under the Eleventh Amendment and the common law doctrine of judicial immunity (*id.* at 10-11), and that leave to amend would be futile (*id.* at 11).

The findings and recommendations were served on plaintiff.  Doc. 19.  Plaintiff's deadline to file objections was extended to April 21, 2025.  Doc. 21.  Plaintiff filed untimely objections on May 21, 2025, and a notice of errata to the objections on June 4, 2025.  Docs. 30, 32.  In her objections to the findings and recommendations, plaintiff disputes the magistrate judge's authority to issue the findings and recommendations screening her complaint, challenges the recommendation that the claims be dismissed and that the dismissal be without leave to amend, and argues that the findings and recommendations incorrectly interpret case law and the Constitution and misapply judicial immunity.  *See* Doc. 30.

Consistent with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case.  Having carefully reviewed the file, including plaintiff's objections and notice of errata, the Court finds the findings and recommendations to be supported by the record and proper analysis.  The objections and notice of errata do not call into question the magistrate judge's conclusions.

Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a case if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").  "Courts perform a preliminary

---

assigned magistrate judge's order denying plaintiff's motion (Doc. 27), and plaintiff's objections to the findings and recommendations, which also question the magistrate judge's actions.  The Court agrees with the magistrate judge's order (Doc. 27) that there is no basis for recusal or disqualification and further finds that, to the extent plaintiff implies any improper action by the magistrate judge (*see* Doc. 30), such allegations are without merit.

screening to determine whether complaints brought by self-represented litigants and litigants proceeding in forma pauperis raise cognizable claims." *Belknap v. Alphabet, Inc.*, 504 F. Supp. 3d 1156, 1158 (D. Or. 2020). The Court referred this action to the magistrate judge for screening to determine whether the complaint stated a cognizable claim. As such, the magistrate judge had authority to screen plaintiff's complaint and issue findings and recommendations. The magistrate judge correctly concluded that plaintiff failed to state a cognizable claim and that, as the deficiencies are not curable, leave to amend would be futile.

Accordingly:

1. The findings and recommendations issued on March 7, 2025 (Doc. 19), are ADOPTED IN FULL;
2. Plaintiff's complaint (Doc. 1) is DISMISSED without leave to amend; and
3. The Clerk of the Court is directed to terminate all pending motions and to CLOSE this case.

IT IS SO ORDERED.

Dated:  July 9, 2025

UNITED STATES DISTRICT JUDGE

3