UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Alexandra Seifert,

Plaintiff,

v.

Kenneth George Pritchard, et al.,

Defendants.

Case No. 1:24-cv-01097-KES-CDB

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Doc. 35

ORDER REGARDING PLAINTIFF'S MOTION TO DOCKET FILINGS

Doc. 36

Plaintiff Alexandra Seifert proceeded pro se and in forma pauperis in this civil action. On March 7, 2025, the magistrate judge issued findings and recommendations to dismiss the complaint without leave to amend. Doc. 19. Plaintiff filed objections. Docs. 30, 32. On July 9, 2025, the court adopted the findings and recommendations and dismissed plaintiff's complaint without leave to amend. Doc. 33.

Currently before the court is plaintiff's "Motion to Alter or Amend Judgment & Motion to Amend Judge Sherriff's Findings & Motion to Declare Void all of Magistrate Baker's Orders due to Lack of Jurisdiction; Motion for Judge Sherriff to Adhere to the Supremacy of the United States Constitution and exercise the Judicial Power of the United States; Motion for Judge Sherriff to address the so far ignored Unrebutted & Unavoidable Constitutional Challenges and Threshold Issues." Doc. 35. The court construes this filing as a motion for reconsideration of the court's order dismissing this case with prejudice. Also before the court is plaintiff's "Motion to Docket Nunc Pro Tunc Improperly Returned Filings and Acknowledge Unauthorized Clerk

Handling." Doc. 36.

Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); *see also Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). A Rule 59(e) motion must be filed no later than twenty-eight (28) days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Pursuant to this court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Plaintiff's motion for reconsideration does not establish any basis for overturning the court's judgment under Rule 59(e) or 60. Plaintiff objects to the court screening her complaint because she is not a prisoner, and she objects to the assigned magistrate judge's role in screening her case. Doc. 35 at 1–13. Plaintiff also disagrees with the application of the *Rooker-Feldman* doctrine, arguing that she did not seek to amend the actual state orders. Doc. 35 at 14–16. Plaintiff also disagrees with the finding that some of her claims are subject to Eleventh Amendment immunity and judicial immunity. Doc. 35 at 17–23.

As previously explained, the court referred this action to the magistrate judge for screening to determine whether the complaint stated a cognizable claim. Although plaintiff does not agree with the findings and recommendations or other orders issued in this case, plaintiff does

not establish any basis for reconsideration of the court's orders. Plaintiff also raises many of the same arguments she previously raised in her objections to the findings and recommendations, which the court fully considered in its July 9, 2025, order. Although plaintiff argues that she can clarify some of the deficiencies stated in her complaint, plaintiff does not set forth any new facts or arguments that would establish a cognizable claim. Plaintiff has not established any error or manifest injustice, nor any other ground for the court to reconsider its July 9, 2025, order.

As to plaintiff's motion to docket, plaintiff argues that the Clerk's Office mishandled filings she asserts she submitted on July 30, 2025, by returning the filings to her. *See* Doc. 36. Plaintiff acknowledges that she submitted a letter to the chief judge of this district that she did not intend to have docketed, and that the clerk's office did not docket at that time. *Id.* But she argues that she intended for the clerk's office to docket the other documents that she sent in the same mailing envelope. *See* Doc. 36 at 1–2. To the extent that plaintiff argues that the court should have docketed and considered her submissions entitled "Demand to the Court to Provide Proof for Magistrate Christopher D. Baker's Jurisdiction to Enter Orders in this Case or Declare all of his Orders Void" and "To Judge Sherriff: Objection & Motion to Strike or Alternatively Vacate and Reconsider Denial of Plaintiff's Verified Motion & Amended Verified Motion to Recuse & Disqualify Magistrate Christopher D. Baker," those documents were subsequently docketed as part of plaintiff's filings at Docs. 35 and 36. The court has reviewed the filings and finds that they do not establish a basis for reconsideration of the court's July 9, 2025, order or the judgment in this case.

Accordingly, plaintiff's motion for reconsideration, Doc. 35, is denied.

IT IS SO ORDERED.

Dated: September 17, 2026

UNITED STATES DISTRICT JUDGE